SAMUEL THOMPSON ET AL. *v.* JOHN THOMPSON ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—441.]

**Power of Executor Over Land Demised.**

Where a testator devises certain land to his wife for life and directs his executor to sell other estate than that devised to the wife for life and also certain personal property and to hold the proceeds for certain of his devisees until they are twenty-one years old, the executor has no control of the land devised to the widow, either during or after the termination of the life estate.

APPEAL FROM BRACKEN CHANCERY COURT.

November 23, 1882.

OPINION BY JUDGE PRYOR:

We have been unable to find any clause in the will of the testator by which he disposed of the land devised to his wife for life. That her interest in the land is confined to a life estate all must concede and when this provision is made for her, the testator then proceeds to direct his executor to sell other estate than that devised to the wife for life, and also certain personal estate, and to hold the proceeds for certain of his devisees until they arrive at age. The executor has no control of the land devised to his wife, under the will, either during or after the termination of the life estate,

but that part of the realty and personalty over which he has the control with the power to distribute it clearly defined, and not only so, the manner of distribution, when to be made, and to whom, is equally certain. After vesting the executor with the power to sell certain lands and directing him to distribute, the testator says: "I wish my executor to loan the part of my estate belonging to James Dowdney and Magnolia Houston until they become of age; also the part belonging to James and Elmira Coomer is to be loaned until they become of age." As to the appellees, Gustavus and Mary Jane Strong (now Pierson) "I wish if they do not return to Kentucky by the time Nancy and Thornton become of age that their portion of my estate be given to Thornton and Nancy Strong." The estate alluded to was evidently that part of the estate the executor was authorized to distribute. The mind of the testator was on the funds that would be with the executor and he had in this same clause directed the manner of distribution and directed that the executor should "loan the part of my estate devised to my grandchildren until they arrive of age." The word "estate" there used could not have embraced the real estate devised to the wife for life as the executor was not authorized to sell it or to control it in any way, and could neither rent the land nor sell it so as to distribute the proceeds. The appellees were living in California and the testator, after providing for his grandchildren and directing his executor what to do with their portion of the estate, then provides if the two devisees named Gustavus and Mary Jane do not return to Kentucky by a certain time their portion of the estate to go to Nancy and Thornton Strong, that is, the portion of the estate that the executor had in his hands and was required to distribute, for the testator had made no devise of that part of the estate devised to his wife for life. If the words "my estate" had reference when applied to the grandchildren to the estate in the hands of the executor, it must have the same meaning when applied to the devise made to the appellees Gustavus and Mary Jane Strong. It is all in the same clause of the will with reference to the mode of distribution to be made by the executor and it is not pretended that the words "my estate" used in the devise to certain grandchildren embraces the real estate given the widow for life. In our opinion the re-

mainder interest in the land devised to the wife must pass an undivided estate and the judgment below is, therefore, *affirmed*.

B. G. *Willis, for appellants*.

H. P. *Willis, for appellees*.